Clyde Keith DAVIS, Petitioner—
Appellant,

v.

Robert L. AYERS, Warden; Attorney
General of the State of California,
Respondents—Appellees.

No. 01–55738.

D.C. No. CV–99–12001–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and
TASHIMA, Circuit Judges.

MEMORANDUM **

Clyde Keith Davis, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for first degree felony murder and second degree robbery and sentence for life without parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of a habeas petition de novo, *see Wildman v. Johnson*, 261 F.3d 832, 836 (9th Cir.2001), and we affirm.

Davis contends that there was insufficient evidence to support a conviction for felony murder and the jury's special circumstance finding. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of felony-murder and the related special circumstance beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See also Turner v. Marshall*, 63 F.3d 807, 816 n. 5 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir.1999) (en banc) (stating that, in California, first degree felony murder requires a showing that killing was committed in during a robbery and a special circumstance finding requires a showing that robbery was not "merely incidental" to the murder); *People v. Proby*, 60 Cal.App.4th 922, 927, 70 Cal.Rptr.2d 706 (1998) (stating that aider and abettor in special circumstance murder must have intent to kill or act with reckless indifference to human life while acting as a major participant in underlying felony).

Accordingly, the district court properly denied habeas relief.[1] *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's motion to broaden the Certificate of Appealability is denied. Accordingly, we decline to consider claims raised by Davis that are outside the scope of the COA. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999).